Joe Daniel HULL, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–92–00026–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 20, 1994.

Henry Burkholder, III, Houston, for appellant.

Rikke, Graber, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant was charged with the felony offense of murder. He entered a plea of not guilty, but the jury found him guilty as charged. The jury assessed punishment at ten (10) years in the Institutional Division of the Texas Department of Criminal Justice. In four points of error, appellant complains of the sufficiency of the evidence to support his conviction, and the State's failure to adequately rebut his assertion of self-defense. We affirm.

The record reveals that on October 17, 1990, Tarra Smotherman and Terri Cross went to Pac's Ice House, located on Corpus Christi and Freeport Streets in Harris County, Texas. They visited with their friend Shorty, who introduced them to David Nash.

Around 6:30 p.m., Jennifer Cater and her mother arrived at Pac's and invited the other two girls to go with them to Taco Bell. After leaving Taco Bell, Cater's mother drove back to Pac's and dropped off Cater, Smotherman, and Cross. Then Nash, Shorty, and the three girls got into Nash's car to go for a ride.

They drove around for about an hour, and then Smotherman asked Nash to drop her off at a trailer house on Hershey Street. Nash drove to the trailer, and Smotherman got out of the car in front of appellant's house. When Nash drove down the dead end street to turn around, he saw Smotherman running down the street and appellant walking behind her.

Cater yelled, "Watch out. He's starting to pop caps." Nash thought this meant that appellant was about to start shooting. Nash saw appellant raise his arm and aim a gun at them. Then, Nash ducked down over his car's console and accelerated past appellant. Nash heard a gunshot, and Shorty yelled that Cater had been hit.

Nash stopped his car at the first intersection. Nash and Cross got out of the car and looked at Cater in the back seat. Cross left to call 911, and Nash and Shorty took Cater to the hospital, where she was later pronounced dead.

In his first and second points of error, appellant claims that the evidence is insufficient to support his conviction for murder. Appellant argues that the State failed to prove that he intended to kill Cater as alleged in the first paragraph of the indictment and that he intended to cause serious bodily injury to Cater as alleged in the second paragraph of the indictment. He further argues that the jury could not find him guilty

under the law of transferred intent because the jury charge did not include such an instruction.

■ In reviewing the sufficiency of the evidence to support a conviction, an appellate court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Saxton v. State*, 804 S.W.2d 910, 914 (Tex.Crim.App. 1991). In conducting this review, the appellate court is not to re-evaluate the weight and credibility of the evidence, but act only to ensure that the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex.Crim.App.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993); *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). This court may not sit as a thirteenth juror and reweigh the evidence. *Moreno*, 755 S.W.2d at 867. It is within the jury's power to determine whether the cumulative force of the incriminating evidence against the defendant merits a guilty verdict. *See Harris v. State*, 738 S.W.2d 207, 220 (Tex.Crim.App.1986) *cert. denied*, 484 U.S. 872, 108 S.Ct. 207, 98 L.Ed.2d 158 (1987). If there is evidence that establishes guilt beyond a reasonable doubt, this court is not in a position to reverse the judgment on sufficiency of the evidence grounds. *Moreno*, 755 S.W.2d at 867.

■ The indictment in the instant case alleged that appellant:

did intentionally and knowingly cause the death of JENNIFER LEANN CATER, hereafter styled the Complainant, by SHOOTING THE COMPLAINANT WITH A DEADLY WEAPON, NAMELY A FIREARM.

It is further presented that in Harris County, Texas, JOE DANIEL HULL, hereafter styled the Defendant heretofore on or about OCTOBER 17, 1990, did then and there unlawfully intend to cause serious bodily injury to JENNIFER LEANN CATER, hereafter styled the Complainant, and did cause the death of the Complainant by intentionally and knowingly committing the act clearly dangerous to human life, namely, BY SHOOTING THE COMPLAINANT WITH A DEADLY WEAPON, NAMELY, A FIREARM.

The jury was charged, in pertinent part, as follows:

Now if you find from the evidence beyond a reasonable doubt that on or about the 17th day of October, 1990, in Harris County, Texas, the defendant, Joe Daniel Hull, did then and there unlawfully, intentionally or knowingly cause the death of Jennifer Leann Cater, by shooting Jennifer Leann Cater with a deadly weapon, namely a firearm, and that the defendant, in so acting, was not acting under the immediate influence of sudden passion arising from an adequate cause; *or*

If you find from the evidence beyond a reasonable doubt that on or about the 17th day of October, 1990, in Harris County, Texas, the defendant, Joe Daniel Hull, did then and there unlawfully intend to cause serious bodily injury to Jennifer Leann Cater, and did cause the death of Jennifer Leann Cater by intentionally or knowingly committing an act clearly dangerous to human life, namely, by shooting Jennifer Leann Cater with a deadly weapon, namely a firearm, and that the defendant, in so acting, was not acting under the immediate influence of sudden passion arising from an adequate cause, then you will find the defendant guilty of murder as charged in the indictment.

The charge in this case authorized the jury to find that appellant did "intentionally *or* knowingly cause the death" of complainant in order to convict him of murder. No where in the charge was the law of transferred intent mentioned.

Appellant argues that as this charge was presented, the jury had to find that appellant intentionally killed complainant, as opposed to someone else inside the car. We disagree. The jury was entitled to convict appellant of murder if it found that he *knowingly* caused her death. The jury charge included the following instruction:

A person acts knowingly, or with knowledge, with respect to the nature of his

conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. TEX.PENAL CODE ANN. § 6.03(b) (Vernon 1989).

Here, appellant took the stand during the guilt-innocence phase of the trial. He testified that he intentionally shot at the car that Cater was riding in. He stated that he was not aiming the gun at any particular person, but he was trying to hit the car. He further stated that he did not know where the bullet went when he shot the gun. However, appellant admitted that he was aware when he shot the gun of the possibility that someone could have been killed. Although he denied knowing that Cater was inside Nash's car, his roommate, Joe Alvelvo, testified to the contrary. Alvelvo stated that he overheard Smotherman talking to appellant when she came to their front door. Smotherman told appellant that there was a guy in the car with a gun, who was talking to Cater. This statement could infer that Cater was inside the car. We believe the evidence supports a finding that appellant acted with an awareness that the death of Cater was reasonably certain to result. There certainly existed a substantial risk that someone in the car would be killed. The jury was entitled to convict under the "knowledge" theory of law alone. See Cook v. State, 827 S.W.2d 426, 428 (Tex.App.—Dallas 1992, pet. granted). The jury need not apply the law of transferred intent to reach a guilty verdict in this case. A rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Thus, we overrule appellant's first and second points of error.

In his third point of error, appellant argues that the evidence was legally insufficient to support his conviction because the State failed to rebut his claim of self-defense beyond a reasonable doubt. He claims that the burden of proof was on the State to rebut his defense beyond a reasonable doubt. The State has the burden of persuasion, not of production. The State does not have to affirmatively produce evidence to refute the self-defense claim, rather it has the burden to prove its case beyond a reasonable doubt. Saxton, 804 S.W.2d at 913.

It follows that we look not to whether the State presented evidence which refuted appellant's self-defense testimony, but rather we must determine whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of murder beyond a reasonable doubt, and if so, would thereby have implicitly found against appellant on the self-defense issue beyond a reasonable doubt. TEX.PENAL CODE ANN. § 2.03(d) (Vernon 1989); Jackson, 443 U.S. at 307, 99 S.Ct. at 2781; Saxton, 804 S.W.2d at 914. The jury, as the trier of fact, is the sole judge of the credibility of the witnesses. Sharp v. State, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), cert. denied, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The jury may believe or disbelieve all or part of any witness' testimony. Id. Appellant's testimony alone will not conclusively prove self-defense as a matter of law. Letson v. State, 805 S.W.2d 801, 805–06 (Tex. App.—Houston [14th Dist.] 1990, no pet.).

In this case, appellant admitted shooting at Nash's car, but claims that it was in self-defense. He testified that he believed Nash was going to run over Smotherman and him. He also testified that the car was coming fast at him, and he was scared of being hit. He stated that he thought Nash had a gun because Smotherman told him that the driver of the car had a gun. Appellant also stated that he did not intend to kill Cater, but that he was only trying to stop the car by shooting at it. On the basis of these facts, a rational jury could have implicitly found beyond a reasonable doubt against appellant on the self-defense issue. We find that the evidence is sufficient to support appellant's conviction.

Nevertheless, appellant contends that the State has failed to meet its burden of proof. We disagree. We find it necessary to discuss the burden of proof applicable in self-defense cases. In such cases, the State still

must carry its burden to prove the accused's guilt beyond a reasonable doubt. *Saxton,* 804 S.W.2d at 913. As previously stated, appellant, relying erroneously on *Stone v. State,* has confused the burden of production and the burden of persuasion. *Stone v. State,* 751 S.W.2d 579, 587 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). The State has only the burden of persuasion in disproving the evidence of self-defense, not the burden of production that would require it to affirmatively produce evidence to rebut the claim of self-defense. *Saxton,* 804 S.W.2d at 913. The role of defense counsel is to bring forth enough credible evidence such that the jury must find that the State has not carried its burden. Self-defense is a fact issue to be determined by the jury. *Id.* The presentation of defensive evidence will not necessarily render the State's evidence insufficient since the credibility determination of such evidence is solely within the jury's province, and the jury is free to accept or reject the evidence. *Id.; see also Adelman v. State,* 828 S.W.2d 418, 423 (Tex.Crim.App.1992). It cannot be overemphasized that a jury finding of guilty of all the elements of the offense beyond a reasonable doubt is an implicit finding rejecting the defendant's self-defense theory. *Saxton,* 804 S.W.2d at 914. Therefore, we overrule appellant's third point of error.

■ In his fourth point of error, appellant asserts that the evidence was factually insufficient to support his conviction because the State failed to rebut his assertion of self-defense beyond a reasonable doubt. Relying on *Meraz v. State,* he urges that we should measure the factual sufficiency of the evidence by the same standard used in civil cases. *Meraz v. State,* 785 S.W.2d 146, 154–55 (Tex.Crim.App.1990) (en banc). He argues that we should determine whether the jury verdict was against the "greater weight and preponderance of the evidence." Appellant misconstrues the meaning of the *Meraz* decision. In effect, appellant is asking us to lower the State's burden of proof in criminal cases. This we cannot do.

In *Hunter v. State,* this court considered the effect of the *Meraz* decision on criminal cases. *Hunter v. State,* 799 S.W.2d 356, 358–59 (Tex.App.—Houston [14th Dist.] 1990, no pet.). We concluded that *Meraz* does not authorize a general change in the standard of review for insufficient evidence in criminal cases. The standard remains whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson,* 443 U.S. at 307, 99 S.Ct. at 2781; *Saxton,* 804 S.W.2d at 914. *Meraz* is expressly limited to affirmative defenses and other fact issues that the law requires the defendant to prove by a preponderance of the evidence. *Hunter,* 799 S.W.2d at 359; *Meraz,* 785 S.W.2d at 154–55. No such issue is present here. The record contains sufficient evidence that would allow a rational trier of fact to conclude that the State met its burden of proof on all elements of the offense beyond a reasonable doubt. Accordingly, we overrule appellant's fourth point of error.

The judgment of the trial court is affirmed.