NO. 12-02-00113-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JEANETTE BIGGERS BOTTENFIELD,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

 Appellant Jeannette Bottenfield was tried and convicted of assault by the trial court, and was
assessed punishment at ten days of confinement in the Henderson County jail, and a fine of $100.00.
In two issues, Appellant challenges the legal sufficiency of the evidence. We affirm.


Background


 Maxie Hamilton and his friend, Deborah Craker, went to Appellant's home to retrieve
clothing belonging to Hamilton. Appellant and Hamilton had previously lived together. Upon
arrival, Hamilton knocked and, after Appellant opened the door, entered the residence. According
to Hamilton, Appellant asked him to move back with her. After he refused, Appellant shoved his
head against the door. Hamilton opened the door to extricate himself from the situation, at which
time Appellant pushed him onto the porch, and then off the porch onto the ground. According to
Appellant, Hamilton entered her home and demanded a bottle of liquor. When Appellant was unable
to produce his clothing or liquor, Hamilton grabbed her by her hood, at which time she turned around
and hit him. Hamilton then proceeded to hit her about the face and, in response to the attack, she
opened the front door and pushed him out. Both testified that Appellant hit Hamilton numerous
times when they were on the ground. Craker stated that she saw Appellant hit Hamilton, pull his
hair, and kick him until she convinced Appellant to stop the attack. Appellant and Hamilton
admitted that they had both filed assault complaints against each other in the past. 


Issues Presented and Standard of Review


 Appellant phrases her first issue in the following manner: The trial court committed error
by finding Appellant guilty of assault as alleged in the information "because the issue of self-defense
. . . was raised in trial testimony, and Appellant's claim of self-defense was not controverted by
legally sufficient evidence beyond a reasonable doubt." Appellant misstates the State's burden and
has confused the burden of production and the burden of persuasion. See Saxton v. State, 804
S.W.2d 910, 913 (Tex. Crim. App. 1991). Self-defense is a fact issue to be determined by the
factfinder. Id. Once a defendant meets the initial burden of producing some evidence to justify
submission of a self-defense instruction, the State must persuade the factfinder beyond a reasonable
doubt that the defendant did not act in self-defense. Luck v. State, 588 S.W.2d 371, 375 (Tex. Crim.
App. 1979). The State has the burden of persuasion in disproving the evidence of self-defense, not
the burden of production that would require it to affirmatively produce evidence to rebut the claim
of self-defense. Saxton, 804 S.W.2d at 913. The presentation by the defense of evidence supporting
self-defense will not necessarily render the State's evidence insufficient since the credibility
determination of such evidence is solely within the factfinder's province, and the factfinder is free
to accept or reject the evidence. Hull v. State, 871 S.W.2d 786, 790 (Tex. App.-Houston [14th
Dist.] 1994, pet. ref'd). A finding of guilty of all the elements of the offense beyond a reasonable
doubt is an implicit finding rejecting the defendant's self-defense theory. Saxton, 804 S.W.2d at
914. 

 In her second issue, Appellant complains that the evidence is legally insufficient to support
the conviction. Since Appellant's first issue necessarily encompasses this issue, the following
analysis applies to both. When conducting a legal sufficiency-of-the-evidence review as prescribed
by Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979),
we do not weigh the evidence tending to establish guilt against the evidence tending to establish
innocence, nor do we assess the credibility of witnesses on each side. Ex parte Elizondo, 947
S.W.2d 202, 205 (Tex. Crim. App. 1996). We review the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Mosley v. State,
983 S.W.2d 249, 254 (Tex. Crim. App. 1998). Further, the factfinder serves as the exclusive judge
of the credibility of witnesses and of the weight to be given their testimony, Mosley, 983 S.W.2d at
254, and can draw reasonable inferences and make deductions from the evidence. Griffin v. State,
908 S.W.2d 624, 626 (Tex. App.-Beaumont 1995, no pet.). Therefore, reconciliation of conflicts
in the evidence is within the exclusive province of the factfinder. Mosley, 983 S.W.2d at 254. 


Analysis and Conclusion


 A person commits assault if he or she intentionally, knowingly, or recklessly causes bodily
injury to another. See Tex. Pen. Code Ann. § 22.01(a) (Vernon 2002). A person is justified in
using force against another when and to the degree he reasonably believes the force is immediately
necessary to protect himself against the other's use or attempted use of unlawful force. Tex. Pen.
Code Ann. § 9.31(a) (Vernon 2002). In resolving the legal sufficiency of the evidence issue, we
look not to whether the State presented evidence that refuted Appellant's self-defense testimony;
rather, we determine whether after viewing all the evidence in the light most favorable to the
prosecution, any rational trier of fact would have found the essential elements of assault beyond a
reasonable doubt and also would have found against Appellant on the self-defense issue beyond a
reasonable doubt. See Saxton, 804 S.W.2d at 914. 

 The court was able to hear testimony from Appellant, the victim and a witness. Appellant's
testimony raised the issue of self-defense when she stated that Hamilton started the altercation and
that she hit him while on the ground so that he would not resume his assault on her. Hamilton stated
under oath that Appellant grabbed him by the hair, shoved him out of the house, pushed him off the
front porch, jumped on him and hit and kicked him while he was on the ground. Craker testified that
she saw Appellant push Hamilton out of the front door and off the front porch. She also observed
Appellant hitting Hamilton after the two fell to the ground. Appellant continued hitting Hamilton
until Craker intervened. 

 From this evidence, a rational trier of fact could have found the essential elements of assault
beyond a reasonable doubt, since Appellant admitted that she hit Hamilton numerous times. It could
also have found against Appellant on the issue of self-defense beyond a reasonable doubt, since
Hamilton testified that Appellant started the altercation and that she hit and kicked him without
provocation, and Craker averred that when she saw Appellant and Hamilton, Appellant was clearly
the aggressor. Therefore, the evidence is legally sufficient to support Appellant's conviction for
assault. Accordingly, we overrule issues one and two.

 We affirm the judgment of the trial court.




 SAM GRIFFITH 

 Justice





Opinion delivered December 18, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.





















(DO NOT PUBLISH)