NUMBER 13-02-186-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


DANIEL GILBERTO JUAREZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 139th District Court


of Hidalgo County, Texas.


__________________________________________________________________


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Hinojosa and Rodriguez


Opinion by Justice Rodriguez



 Appellant, Daniel Gilberto Juarez, was found guilty of reckless injury to a child. 
The trial court assessed his punishment at eighteen months in a state jail facility.
Juarez complains the trial court erred by denying his motion for mistrial and he
contends the State failed to meet its burden of disproving self-defense beyond a
reasonable doubt. We affirm.

 This is a memorandum opinion not designated for publication. See Tex. R. App.
P. 47.2(b), 47.4. The parties are familiar with the facts and we will not recite them
here except as necessary to advise the parties of the Court's decision and the basic
reasons for it. See id. Rule 47.4.

 By his first issue, Juarez contends the trial court erred by denying his motion for
mistrial. However, his argument does not address this contention. See id. Rule
38.1(h). Rather, appellant's argument relates to the granting of a new trial under
appellate rule 21.3(f). See id. Rule 21.3(f). In the interest of justice, we will address
appellant's argument that the trial court erred in nor granting a new trial. 

 We review a trial court's decision to deny a motion for new trial under an abuse
of discretion standard. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). 
"The defendant must be granted a new trial . . . when, after retiring to deliberate, the
jury has received other evidence." Tex. R. App. P. 21.3(f). However, in order for a
new trial to be mandated, the appellant must establish that: (1) the jury received the
other evidence; and (2) the other evidence was adverse or detrimental. See
Bustamante v. State, No. 74,079, 2003 Tex. Crim. App. LEXIS 103, at *14 (June 4,
2003); Gibson v. State, 29 S.W.3d 221, 224 (Tex. App.-Houston [14th Dist.] 2000,
pet. ref'd). In determining whether evidence was received by the jury, a court may
consider how extensively the evidence was examined by the jury and whether the jury
was given an instruction to disregard. Bustamante, 2003 Tex. Crim. App. LEXIS, *14. 

 In the case at bar, the other evidence at issue is the State's worksheet
containing a checklist of the elements of appellant's crime. The worksheet had not
been admitted into evidence, but mistakenly ended up in the packet of exhibits given
to the jury to use in their deliberations. Although the worksheet was in the possession
of the jury for approximately three and one-half hours, it is apparent the jury
extensively examined the worksheet. The jury put pencil marks on the worksheet,
checking off each individual element and circling one particular element of the crime. 
See Gibson, 29 S.W.3d at 224 ("There must be something in the record to indicate
the jury viewed the contents of the document and received the information it
contained."). Because the jury extensively examined the State's worksheet, we find 
other evidence was received by the jury. See Bustamante, 2003 Tex. Crim. App.
LEXIS, *14; see also Tex. R. App. P. 21.3(f).

 In determining whether the other evidence was adverse or detrimental to
appellant, the controlling factor is the character of the evidence in light of the issue
before the jury, not its actual effect on the jury. See Garza v. State, 630 S.W.2d 272,
274 (Tex. Crim. App. 1981); Reed v. State, 841 S.W.2d 55, 59 (Tex. App.-El Paso
1992, pet. ref'd). 

 In order to have a fair trial, the jury must decide the case based only on the
evidence presented at trial. See Robinson v. State, 851 S.W.2d 216, 230 (Tex. Crim.
App. 1991). In this instance, the worksheet in question was an exact copy of a chart
that was shown to the jury during voir dire and throughout the trial. The difference
between the chart used during the trial and the worksheet was that State's counsel
added a listing of the State's exhibits at the bottom of the worksheet. In most cases,
other evidence admitted contains new information that is adverse or detrimental to the
defendant because it was not admitted during the trial. See In re M.A.F., 966 S.W.2d
448, 449 (Tex. 1998) (jury found marijuana cigarette in pocket of defendant's jacket);
Gibson, 29 S.W.3d at 224 (full police report accidentally included with evidence when
sent to jury); Carroll v. State, 990 S.W.2d 761, 761-62 (Tex. App.-Austin 1999, no
pet.) (mug shot pictures, not admitted into evidence during trial, but indicative of
previous conviction, sent to jury among exhibits). We do not believe that the State's
worksheet, containing a checklist of the elements of appellant's crime, which was
viewed throughout the trial but not admitted into evidence, was of such character to
be adverse or detrimental to appellant during jury deliberations. See Garza, 630
S.W.2d at 274; Reed, 841 S.W.2d at 59. Thus, because the other evidence received
by the jury was not detrimental or adverse to appellant, see Bustamante, 2003 Tex.
Crim. App. LEXIS 103, at *14; Gibson, 29 S.W.3d 221, 224 (Tex. App.-Houston
[14th Dist.] 2000, pet. ref'd), we hold that the trial court did not abuse its discretion
in denying appellant's motion for new trial. See Lewis, 911 S.W.2d at 7. Appellant's
first issue is overruled.

 By his second issue, appellant contends the State failed to meet its burden of
disproving self-defense beyond a reasonable doubt. 

 When a defendant claims self-defense, the State has a burden of persuasion to
disprove the evidence of self-defense. See Saxton v. State, 804 S.W.2d 910, 913
(Tex. Crim. App. 1991); Hull v. State, 871 S.W.2d 786, 789 (Tex. App.-Houston
[14th Dist.] 1994, pet. ref'd). However, that is not a burden of production; the State
is not required to affirmatively produce evidence that refutes the self-defense claim. 
See Saxton, 804 S.W.2d at 913; Hull, 871 S.W.2d at 789. This burden of persuasion
is simply a burden on the State to prove its case beyond a reasonable doubt. See
Saxton, 804 S.W.2d at 913; Hull, 871 S.W.2d at 789. There is no burden on the
State to disprove the self-defense issue beyond a reasonable doubt. See Saxton, 804
S.W.2d at 913; Hull, 871 S.W.2d at 789. Therefore, appellant's second issue is
overruled. 

 Accordingly, we affirm the judgment of the trial court. 

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Opinion delivered and filed

this 18th day of July, 2003.