Reversed and Remanded; Opinion of April 12, 2005, Withdrawn and
Substituted with this Opinion on Rehearing filed October 20, 2005









 

Reversed and Remanded; Opinion of April 12, 2005, Withdrawn and Substituted
with this Opinion on Rehearing filed October 20, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01229-CR

____________

 

JOHN LOWELL BUFKIN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Court at Law No. 3

Fort Bend County, Texas

Trial Court Cause No. 106,348

 



 

O P I N I O N   O N  
R E H E A R I N G








Appellant, John Lowell Bufkin, was
convicted by a jury of the misdemeanor offense of assault.  The trial court assessed appellant=s punishment at
confinement in the Fort Bend County Jail for a term of 365 days and a fine of
$250.  However, pursuant to appellant=s request, the
court probated the sentence for 24 months.[1]  In three points of error, appellant contends:
(1) the evidence was factually insufficient to support his conviction; (2) the
trial court erred in allowing inadmissable hearsay; and (3) the court
improperly denied his request for a jury instruction on the issue of
consent.  In light of the State=s motion for
rehearing, we withdraw our previous opinion in this cause and substitute this
opinion in its stead.

The record reflects that appellant and the
alleged victim, Shelby Hooper, were living together as a couple at the Sun
Suites hotel in Stafford, Texas.  On
August 9, 2003, an altercation arose between appellant and Hooper in their
hotel room.  An unidentified third party
placed a 911 call alerting police that a fight was occurring between a man and
a woman.  Three officers from the
Stafford Police Department were dispatched to the hotel.  Upon their arrival, the police found Hooper
hysterical and crying.  After securing
the scene, the officers obtained statements from Hooper indicating that
appellant had pinned her against the bathroom wall, struck her with his fists,
and bit her.  Consistent with Hooper=s statements, the
officers observed that she had a cut on her lip and found bite marks on her
back and buttocks.  After questioning appellant
and Hooper further and hearing appellant admit that he hit Hooper in the head
with a closed fist, the police officers arrested appellant for assault.

Factual Sufficiency

In his first point of error, appellant
contends the evidence is factually insufficient to support his conviction.  Specifically, appellant argues that because
the State did not present any evidence to rebut his theory of self-defense, it
failed to prove beyond a reasonable doubt that he did not act in self-defense. 








To disprove a defendant=s claim of
self-defense, the State bears only a burden of persuasion.  Saxton v. State, 804 S.W.2d 910, 914
(Tex. Crim. App. 1991); Hull v. State, 871 S.W.2d 786, 789 (Tex. App.CHouston [14th
Dist.] 1994, pet. ref=d). 
This means the
State is not obligated to offer evidence refuting a claim of self‑defense,
but rather, the State is required merely to prove its case beyond a reasonable
doubt.  Saxton, 804 S.W.2d at
914; Hull, 871 S.W.2d at 789.

Moreover, self-defense is a fact issue to be determined by the
jury.  Saxton, 804 S.W.2d at 913B14.  As the trier-of-fact, the jury is the sole
judge of the credibility of the witnesses and is free to believe or disbelieve
all, part, or none of any witness= testimony.  Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986).  AA jury verdict of
guilty is an implicit finding rejecting the defendant=s self‑defense
theory.@  Saxton, 804 S.W.2d at 914.  In conducting a factual sufficiency review,
we view the evidence in a neutral light and will set aside the verdict only if
the jury was not rationally justified in finding guilt beyond a reasonable
doubt.  Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim App. 2004).  If there is evidence that establishes guilt
beyond a reasonable doubt which the trier-of-fact believes, the judgment cannot
be reversed on sufficiency of the evidence grounds.  See Wicker v. State, 667 S.W.2d 137,
143 (Tex. Crim. App. 1984). 

Here, the record indicates that when
police officers arrived at the scene, they found Hooper extremely
agitated.  Hooper explained that
appellant had pinned her against the bathroom wall with his arm on her neck,
assaulted her, and then locked her in the bathroom for about an hour to Acalm her down.@  She further stated that the assault involved
appellant striking her with his hand and biting her.  She also responded affirmatively when
officers asked if she wanted a protective order to prevent appellant from using
any further violence against her. 
Confirming her story about the assault, the police observed Hooper=s lip was cut and
found bite marks on her back and buttocks. 
Color photographs documenting the injuries were admitted into
evidence.  The police also tape recorded
the events at the scene, including Hooper=s description of
the assault and appellant=s admission that he struck Hooper with his
fist.  These tapes were also admitted
into evidence.








Appellant=s sufficiency
argument relies almost exclusively on Hooper=s recantation of
the statements she made to the police. 
In fact, Hooper was the only defense witness.  She testified that appellant never struck her
and that the bite marks on her body were from Alove bites@ received during
consensual sexual foreplay the night before the altercation. Hooper also
explained that she was the one who struck appellant first and admitted that she
actually struck appellant various times. 
She further stated that appellant=s actions towards
her involved only pushing and that he only did so in self-defense.  Consistent with Hooper=s testimony, the
police observed that appellant had two knots on his forehead, scratches on his
neck and waist, and bite marks on his chest. 
However, on cross-examination the State pointed out the inconsistencies
between Hooper=s testimony at trial and the statements
she made, both oral and written, to officers on the evening of the alleged
assault. 

The jury was entitled to believe Hooper=s story at trial
and was instructed by the trial court that it could consider appellant=s self-defense
theory.  The jury was equally free to
disbelieve Hooper=s trial testimony and, instead, rely on
the evidence presented by the State.  See
Sharp, 707 S.W.2d at 614.  The jury
apparently gave no credence to appellant=s claim of
self-defense, but rather, found him guilty as charged.  See Saxton, 804 S.W.2d at 913B14.  Based on our own review of the record, we
find the jury was rationally justified in finding guilt beyond a reasonable
doubt.  Accordingly, we overrule
appellant=s first point of error.

Excited
Utterance

In his second
point of error, appellant contends the trial court erred in permitting
inadmissible hearsay to be introduced at trial. 
Specifically, appellant argues that because the State failed to
establish that Hooper=s statements describing the alleged
assault were the result of a startling event, they were hearsay and should not
have been admitted under the excited utterance exception to the general hearsay
rule.  








The admissibility of an out-of-court
statement under the exceptions to the hearsay rule is within the trial court=s discretion.  Zuliani v. State, 97 S.W.3d 589, 595
(Tex. Crim. App. 2003).  A trial court=s decision to
admit or exclude hearsay will not be reversed absent a clear abuse of this
discretion.  Id.  An abuse of discretion occurs A>only when the
trial judge=s decision was so clearly wrong as to lie
outside that zone within which reasonable persons might disagree.=@  Id. (quoting Cantu v. State,
842 S.W.2d 667, 682 (Tex. Crim. App. 1992)).

Hearsay is a statement, other than one
made by the declarant while testifying at trial, offered into evidence to prove
the truth of the matter asserted.  Tex. R. Evid. 801(d).  Hearsay is generally inadmissible unless a
statute or the Texas Rules of Evidence provide a specific exception which
allows the statement to be admitted.  Tex. R. Evid. 802.  Excited utterance is one such exception
provided by the Rules of Evidence and is described as Aa statement
relating to a startling event or condition made while the declarant was under
the stress of excitement caused by the event or condition.@  Tex.
R. Evid. 803(2); Salazar v. State, 38 S.W.3d 141, 154 (Tex. Crim.
App. 2001).  

The test to determine whether a statement
falls under the excited utterance exception requires the court to assess
whether: (1) the statement was the product of a startling event that produced a
state of nervous excitement; (2) the declarant was dominated by the excitement
of the event; and (3) the statement related to the circumstances of the
startling event.  Jackson v. State,
110 S.W.3d 626, 633 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d). 
The court may also consider other factors such as the amount of time
elapsed and whether the statement was in response to a question.  Salazar, 38 S.W.3d at 154.  However, these factors are not
dispositive.  Lawton v. State, 913
S.W.2d 542, 553 (Tex. Crim. App. 1995).  A[T]he pivotal
inquiry is >whether the declarant was still dominated
by the emotions, excitement, fear, or pain of the event.=@  King v. State, 953 S.W.2d 266, 269
(Tex. Crim. App. 1997) (quoting McFarland v. State, 845 S.W.2d 824, 846
(Tex. Crim. App. 1992), overruled on other grounds by, Bingham v. State,
915 S.W.2d 9 (Tex. Crim. App. 1994).

Here, Officer Rodriguez testified extensively about the
excited nature of Hooper=s statements to him:

Q. [by Mr. Bridges, the State=s attorney]:  Now, when you came into this location in this
hotel room, did you start talking to Shelby [Hooper] about what had happened?








A. [by Officer Rodriguez]:  Yes, I did.

Q. 
And when you talked to her, did you notice anything about her emotional
state?

A. 
She was very upset.  She was
hysterical.  She was crying.

Q. 
And while she was under the stress B or while she was in this heightened, excited emotional
state, did she make any statements to you?

[Mr. Ashford, defense
counsel]:  Objection, hearsay.

[The Court]:  Sustained.

[Mr. Bridges]:  Judge, I=m not asking her to say what she said, just if she made any
statements at that point.

[The Court]:  That=s fine.

[Mr. Bridges]:  Let me rephrase that.

Q. [by Mr. Bridges]:  While she was in that heightened emotional
state, without saying what she said, did she make any statements to you?  Did she say anything to you, ma=am?

A. She did, but I couldn=t understand her.  I couldn=t understand what she was saying.

Q. At a certain point, did she calm
down enough to the point that she could actually articulate words?

A.  Yes, she did.

Q. 
When she was in that state where she was speaking, was she still under
the excitement and stress of an ongoing B of a startling event that had been done on her?

A.  Yes, she was.

Q. 
And did she give you a time frame of how long it had been since these
events had occurred?

A.  Well, one hour.

Q. 
Now when she was talking and while she was in this excited state,  did she make statements to you about what
caused her excited state, the startling event that caused her excited state?

[Mr. Ashford]:  Objection, that calls for hearsay, Your
Honor.

[The Court]:  I=ll overrule it under the Excited Utterance Rule.








*   *   *

Q. Did she say that the events B did she tell you whether or not
the events that had caused her emotional state happened there in that hotel
room?

[Mr. Ashford]:  Your Honor, I=m going to object, again.  I don=t feel that it=s been shown that the witness was B did not have sufficient time to
reflect on these events.  So, her
statements would not be mere narrative of a past event and not necessarily
under any excited event of an alleged event.

[The Court]:  I=ll overrule that objection.

Q.  Go ahead, ma=am.

A.  Can you repeat the question?

Q. 
While she was there and while she was discussing something that put her
in that excited state, did she talk about what happened to her?

A.  Yes, she did.

Officer Rodriguez went on to testify that Hooper said
appellant=s actions were the cause of her excited
emotional state.  Hooper continued by
describing the assault and even agreed that she needed a protective order to
prevent further violence.  Another
officer later reiterated at trial that Hooper appeared scared when he arrived
at the scene. 








Based on the testimony presented at trial,
the State laid the necessary foundation to prove Hooper=s statements
constitute an excited utterance.  The
trial court heard testimony that Hooper was extremely agitated when officers
arrived at the scene.  In fact, she was
so upset that officers initially could not understand her.  The State=s attorney
repeatedly asked whether the alleged assault caused Hooper=s excited state
and whether she was still under the stress of that exciting event when she was
describing what occurred.  Only after
Officer Rodriguez affirmatively answered these questions did the trial court
allow the officer to testify about what Hooper actually said.  Thus, the trial court properly considered the
requisite factors and determined that Hooper=s statements were
excited utterances.  Based on our own review
of the record, we cannot say the trial court=s admission of
these statements was outside the zone of reasonable disagreement.  Accordingly, we overrule appellant=s second point of
error.

Jury Instruction on Consent

In his third point of error, appellant
complains that the trial court improperly refused to provide a jury instruction
on the issue of consent because there was some evidence that Hooper consented
to appellant=s actions. 
Therefore, he avers that the court should have instructed the jury to
consider consent as a defense to the assault charge.

Section 22.06 of the Texas Penal Code
provides that consent can be a defense to prosecution for assault.  Tex.
Pen. Code Ann. ' 
22.06(1) (Vernon 2003).  A
defendant is entitled to a jury instruction on any theory of defense supported
by the evidence.  Granger v. State,
3 S.W.3d 36, 38 (Tex. Crim. App. 1999); Hamel v. State, 916 S.W.2d 491,
493 (Tex. Crim. App. 1996).  This is true
whether that evidence is weak or strong, unimpeached or contradicted, and
regardless of what the trial court believes about the credibility of the
evidence.  Granger, 3 S.W.3d at
38; Hamel, 916 S.W.2d at 493. 
This rule is designed to insure that the jury, not the judge, will
decide the relative credibility of the evidence.  Miller v. State, 815 S.W.2d 582, 585
(Tex. Crim. App. 1991).  In reviewing a
trial court=s refusal to provide an instruction, we
view the evidence in the light most favorable to the defendant.  See Preston v. State, 756 S.W.2d 22,
24 (Tex. App.CHouston [14th Dist.] 1988, pet.
ref'd).  Therefore, the issue before us
is whether the evidence, viewed in the light most favorable to appellant, is
sufficient to raise the issue of consent. 
See Miller, 815 S.W.2d at 585.








To support his argument, appellant relies
on Hooper=s testimony whereby she recanted her story
about the alleged assault.  On direct
examination, Hooper explained that she provided a misleading picture to police
officers about what occurred on the evening of the alleged assault.  Contrary to her statements to the officers,
Hooper testified the bite marks were the result of consensual sexual activity
that occurred the night before the alleged assault.  Based on this testimony, appellant argues he
was entitled to a jury instruction on consent regarding his actions in biting
Hooper.  Appellant also points out that Hooper
testified she was the one who initially became physically violent and that she
actually struck him first.  Therefore,
appellant suggests he was entitled to an instruction on consent in hitting
Hooper as well.  

The State first claims that appellant=s requested
instruction on consent regarding the biting allegation is moot.  Specifically, the State correctly observes
that appellant was charged with two manner and means of committing the assaultCbiting and
striking with the hand.  The State
contends that because it was only required to prove one method of committing
the assault, the lack of evidence on consent with regards to the hitting
renders any discussion on the biting allegations moot.  The argument would be compelling if the issue
before us was one of legal sufficiency. 
However, the issue presented here is whether the trial court erred in
failing to give a properly requested instruction on the defense of
consent.  Thus, the issue is not moot.

The State also asserts that there is no
evidence that Hooper consented to being hit. 
While that is true, the issue raised at trial is whether Hooper
consented to being bitten.  Looking at
the jury=s verdict, we
cannot determine whether appellant was convicted for  assault based on hitting or biting.  Because the jury was charged in the
alternative, it is possible the jury convicted appellant based solely on
biting.[2]  Hooper=s testimony
constitutes some evidence that she consented to being bitten by appellant.  Accordingly, appellant was entitled to an
instruction on consent.








On rehearing, the State chastens this
court for failing to address its contention that appellant has failed to
present anything for review by omitting citations to the record regarding this
point of error.  While a brief must
contain Aappropriate
citations to authorities and to the record,@[3] the briefing
rules found in the Rules of Appellate Procedure Aare meant to
acquaint the court with the issues in a case and to present argument that will
enable the court to decide the case.@[4]  Accordingly, the rules are to be construed
liberally and Asubstantial compliance@ with the rules
may, in the court=s discretion, be sufficient.  Tex.
R. App. P. 38.9.  In other words,
it is the court=s prerogative, not the parties=, to insist on
unerring compliance with the briefing rules. 
Where, as here, the court has had no difficulty locating the pertinent
portions of the record relating to appellant=s third point of
error, it is within the court=s discretion to
review the point of error.

The State also argues on rehearing that
appellant=s requested instruction was Apatently incorrect@ because (1)
consent and self-defense are contradictory theories, (2) consent negates
self-defense, and (3) appellant either needed to defend himself from Hooper or
Hooper consented to his actions, but not both. 
However, a defendant may rely Aon more than one
defensive theory.@  Thomas
v. State, 678 S.W.2d 82, 85 (Tex. Crim. App. 1984).  In fact, a Adefendant is
entitled to submission of every defensive issue raised by the evidence, even if
inconsistent with other defenses.@  Darty v. State, 994 S.W.2d 215, 219
(Tex. App.CSan Antonio 1999, pet. ref=d).  Further, according to Hooper=s trial testimony,
the biting and hitting did not occur at the same time; rather, the Aconsensual@ biting occurred
the evening before appellant hit her in Aself-defense.@  Accordingly, the defenses are not
contradictory.








The State further argues on rehearing that appellant=s request for a
charge on consent was too rambling and confused to give the trial court a fair
opportunity to address his contention. 
We find no evidence of such confusion in the record.  Appellant=s counsel offered
a proposed charge in which he (1) sought a consent instruction with regard to
the hitting and (2) a self-defense instruction with regard to both the hitting
and the biting.  The trial court
correctly refused this instruction because there was no evidence the hitting
was consensual or that the biting was done in self-defense.  Whereupon, appellant=s counsel
discovered his error and amended his request so as to allow the jury to be
instructed on consent with regard to the biting:

THE COURT:  . . . I think the way the consent thing is
done B I think there=s no doubt in the Court=s mind, from her testimony, that
she gives the impression that she consented to the bite; but I think that there=s a B I think the Court has a problem
finding that you can consent to being struck. 
I know that I would rather see us go with the self-defense charge, since
she did raise that, that she made that statement, he is entitled to a charge on
self-defense.  So, we=re going to have to do it over
right quick.

MR. ASHFORD [Appellant=s counsel]:  So, if we=re not going to have the charge on B consent charge on the bite, I
guess I need to read that into the record also.

THE COURT:  Okay. 
I understand your objection to that. 
Are you taking this down?

THE COURT REPORTER:  Yes, ma=am.

THE COURT:  And I think the B you=ve read it just a minute ago.  Are you substituting hitting with biting?

MR. ASHFORD:  Right, to the charge that was previously read
on the consent, the word Abiting@ would be added to the allegations
that were being consented to.

THE COURT:  I=m going to allow
the charge on self-defense.  I am B at this point, do
not feel that B I feel like the biting was a consent
thing; but I don=t feel like you have to have both consent
and self-defense in the same charge.








Having found error in the trial court=s refusal to
submit appellant=s requested instruction on consent with
regard to the biting, we must next determine whether that error requires
reversal.  See Tex. Code Crim. Proc. Ann. art. 36.19
(Vernon 1981); Miller, 815 S.W.2d at 585B86 (citing Almanza
v. State, 686 S.W.2d 157 (Tex. Crim. App. 1984)).  The Court of Criminal Appeals has explained
that if the charge contains error, and that error has been properly preserved
by an objection or requested instruction, reversal is required as long as the
error is not harmless.  Almanza,
686 S.W.2d at 171.  This means we must
determine whether appellant suffered Asome harm.@  See Trevino v. State, 100 S.W.3d 232,
242 (Tex. Crim. App. 2003).  AUnless all
harm was abated, appellant suffered >some= harm.@  Miller, 815 S.W.2d at 586 n.5
(emphasis in original).

As explained above, we cannot determine
whether the jury convicted appellant based on the biting or the hitting
allegations.  Had the jury believed
appellant was guilty only of the biting charge, it is possible that they would
have acquitted him of committing assault if it had been properly charged
regarding consent.  While the State
presented considerable evidence of an assault, we again note that whether
Hooper was assaulted was a determination for the jury to make.  Id. at 585.  Without Afair assurance@ that the error
did not have an Ainjurious effect or influence in
determining the jury=s verdict,@ we cannot
conclude that the error was harmless.  See
Trevino, 100 S.W.3d at 243 (quoting King v. State, 953 S.W.2d 266,
271 (Tex. Crim. App. 1997)); see also Miller, 815 S.W.2d at 586 (finding
Asome harm@ existed where the
court refused to provide an instruction on mistaken consent).  Accordingly, we sustain appellant=s third point of
error.

The judgment of the trial court is
reversed, and the cause is remanded for a new trial.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Opinion on Rehearing filed October 20, 2005.

Panel
consists of Justices Anderson, Hudson, and Frost.

Publish
C Tex. R. App. P. 47.2(b).











[1]  As a condition
of probation, the trial court also assessed 30 days jail.  However, appellant was granted  30 days credit for time already served,
effectively requiring appellant to satisfy only the remaining time on
probation.





[2]  It is, of course, equally plausible,
even probable, that the jury convicted appellant based solely on the
hitting.  However, our responsibility on
appeal is to review the evidence supporting appellant=s requested instruction in the
light most favorable to him.  See
Miller, 815 S.W.2d at 585.





[3]  Tex. R. App. P. 38.1(h).





[4]  Tex. R. App. P. 38.9.