John Lowell BUFKIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–03–01229–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 20, 2005.

Brian Marcus Middleton, Houston, for appellant.

Chad E. Bridges, Richmond, for appellee.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

### OPINION ON REHEARING

J. HARVEY HUDSON, Justice.

Appellant, John Lowell Bufkin, was convicted by a jury of the misdemeanor offense of assault. The trial court assessed appellant's punishment at confinement in the Fort Bend County Jail for a term of 365 days and a fine of $250. However, pursuant to appellant's request, the court probated the sentence for 24 months.[1] In

1. As a condition of probation, the trial court also assessed 30 days jail. However, appel-

three points of error, appellant contends: (1) the evidence was factually insufficient to support his conviction; (2) the trial court erred in allowing inadmissible hearsay; and (3) the court improperly denied his request for a jury instruction on the issue of consent. In light of the State's motion for rehearing, we withdraw our previous opinion in this cause and substitute this opinion in its stead.

The record reflects that appellant and the alleged victim, Shelby Hooper, were living together as a couple at the Sun Suites hotel in Stafford, Texas. On August 9, 2003, an altercation arose between appellant and Hooper in their hotel room. An unidentified third party placed a 911 call alerting police that a fight was occurring between a man and a woman. Three officers from the Stafford Police Department were dispatched to the hotel. Upon their arrival, the police found Hooper hysterical and crying. After securing the scene, the officers obtained statements from Hooper indicating that appellant had pinned her against the bathroom wall, struck her with his fists, and bit her. Consistent with Hooper's statements, the officers observed that she had a cut on her lip and found bite marks on her back and buttocks. After questioning appellant and Hooper further and hearing appellant admit that he hit Hooper in the head with a closed fist, the police officers arrested appellant for assault.

## Factual Sufficiency

■ In his first point of error, appellant contends the evidence is factually insufficient to support his conviction. Specifically, appellant argues that because the State did not present any evidence to rebut his theory of self-defense, it failed to prove beyond a reasonable doubt that he did not act in self-defense.

■ To disprove a defendant's claim of self-defense, the State bears only a burden of persuasion. *Saxton v. State,* 804 S.W.2d 910, 914 (Tex.Crim.App.1991); *Hull v. State,* 871 S.W.2d 786, 789 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd). This means the State is not obligated to offer evidence refuting a claim of self-defense, but rather, the State is required merely to prove its case beyond a reasonable doubt. *Saxton,* 804 S.W.2d at 914; *Hull,* 871 S.W.2d at 789.

■ Moreover, self-defense is a fact issue to be determined by the jury. *Saxton,* 804 S.W.2d at 913–14. As the trier-of-fact, the jury is the sole judge of the credibility of the witnesses and is free to believe or disbelieve all, part, or none of any witness' testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986). "A jury verdict of guilty is an implicit finding rejecting the defendant's self-defense theory." *Saxton,* 804 S.W.2d at 914. In conducting a factual sufficiency review, we view the evidence in a neutral light and will set aside the verdict only if the jury was not rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State,* 144 S.W.3d 477, 481 (Tex.Crim.App. 2004). If there is evidence that establishes guilt beyond a reasonable doubt which the trier-of-fact believes, the judgment cannot be reversed on sufficiency of the evidence grounds. *See Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.1984).

Here, the record indicates that when police officers arrived at the scene, they found Hooper extremely agitated. Hooper explained that appellant had pinned her against the bathroom wall with his arm on her neck, assaulted her, and then locked

lant was granted 30 days credit for time already served, effectively requiring appellant

to satisfy only the remaining time on probation.

her in the bathroom for about an hour to "calm her down." She further stated that the assault involved appellant striking her with his hand and biting her. She also responded affirmatively when officers asked if she wanted a protective order to prevent appellant from using any further violence against her. Confirming her story about the assault, the police observed Hooper's lip was cut and found bite marks on her back and buttocks. Color photographs documenting the injuries were admitted into evidence. The police also tape recorded the events at the scene, including Hooper's description of the assault and appellant's admission that he struck Hooper with his fist. These tapes were also admitted into evidence.

Appellant's sufficiency argument relies almost exclusively on Hooper's recantation of the statements she made to the police. In fact, Hooper was the only defense witness. She testified that appellant never struck her and that the bite marks on her body were from "love bites" received during consensual sexual foreplay the night before the altercation. Hooper also explained that she was the one who struck appellant first and admitted that she actually struck appellant various times. She further stated that appellant's actions towards her involved only pushing and that he only did so in self-defense. Consistent with Hooper's testimony, the police observed that appellant had two knots on his forehead, scratches on his neck and waist, and bite marks on his chest. However, on cross-examination the State pointed out the inconsistencies between Hooper's testimony at trial and the statements she made, both oral and written, to officers on the evening of the alleged assault.

The jury was entitled to believe Hooper's story at trial and was instructed by the trial court that it could consider appellant's self-defense theory. The jury was equally free to disbelieve Hooper's trial testimony and, instead, rely on the evidence presented by the State. *See Sharp,* 707 S.W.2d at 614. The jury apparently gave no credence to appellant's claim of self-defense, but rather, found him guilty as charged. *See Saxton,* 804 S.W.2d at 913–14. Based on our own review of the record, we find the jury was rationally justified in finding guilt beyond a reasonable doubt. Accordingly, we overrule appellant's first point of error.

## Excited Utterance

■ In his second point of error, appellant contends the trial court erred in permitting inadmissible hearsay to be introduced at trial. Specifically, appellant argues that because the State failed to establish that Hooper's statements describing the alleged assault were the result of a startling event, they were hearsay and should not have been admitted under the excited utterance exception to the general hearsay rule.

■ The admissibility of an out-of-court statement under the exceptions to the hearsay rule is within the trial court's discretion. *Zuliani v. State,* 97 S.W.3d 589, 595 (Tex.Crim.App.2003). A trial court's decision to admit or exclude hearsay will not be reversed absent a clear abuse of this discretion. *Id.* An abuse of discretion occurs " 'only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree.' " *Id.* (quoting *Cantu v. State,* 842 S.W.2d 667, 682 (Tex.Crim.App.1992)).

Hearsay is a statement, other than one made by the declarant while testifying at trial, offered into evidence to prove the truth of the matter asserted. Tex.R. Evid. 801(d). Hearsay is generally inadmissible unless a statute or the Texas Rules of Evidence provide a specific exception

which allows the statement to be admitted. TEX.R. EVID. 802. Excited utterance is one such exception provided by the Rules of Evidence and is described as "a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." TEX.R. EVID. 803(2); *Salazar v. State*, 38 S.W.3d 141, 154 (Tex.Crim. App.2001).

■■■ The test to determine whether a statement falls under the excited utterance exception requires the court to assess whether: (1) the statement was the product of a startling event that produced a state of nervous excitement; (2) the declarant was dominated by the excitement of the event; and (3) the statement related to the circumstances of the startling event. *Jackson v. State*, 110 S.W.3d 626, 633 (Tex. App.-Houston [14th Dist.] 2003, pet. ref'd). The court may also consider other factors such as the amount of time elapsed and whether the statement was in response to a question. *Salazar*, 38 S.W.3d at 154. However, these factors are not dispositive. *Lawton v. State*, 913 S.W.2d 542, 553 (Tex. Crim.App.1995). "[T]he pivotal inquiry is 'whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event.'" *King v. State*, 953 S.W.2d 266, 269 (Tex.Crim.App.1997) (quoting *McFarland v. State*, 845 S.W.2d 824, 846 (Tex.Crim.App.1992), *overruled on other grounds by, Bingham v. State*, 915 S.W.2d 9 (Tex.Crim.App.1994)).

Here, Officer Rodriguez testified extensively about the excited nature of Hooper's statements to him:

> Q. [by Mr. Bridges, the State's attorney]: Now, when you came into this location in this hotel room, did you start talking to Shelby [Hooper] about what had happened?
>
> A. [by Officer Rodriguez]: Yes, I did.

> Q. And when you talked to her, did you notice anything about her emotional state?
>
> A. She was very upset. She was hysterical. She was crying.
>
> Q. And while she was under the stress—or while she was in this heightened, excited emotional state, did she make any statements to you?
>
> [Mr. Ashford, defense counsel]: Objection, hearsay.
>
> [The Court]: Sustained.
>
> [Mr. Bridges]: Judge, I'm not asking her to say what she said, just if she made any statements at that point.
>
> [The Court]: That's fine.
>
> [Mr. Bridges]: Let me rephrase that.
>
> Q. [by Mr. Bridges]: While she was in that heightened emotional state, without saying what she said, did she make any statements to you? Did she say anything to you, ma'am?
>
> A. She did, but I couldn't understand her. I couldn't understand what she was saying.
>
> Q. At a certain point, did she calm down enough to the point that she could actually articulate words?
>
> A. Yes, she did.
>
> Q. When she was in that state where she was speaking, was she still under the excitement and stress of an ongoing—of a startling event that had been done on her?
>
> A. Yes, she was.
>
> Q. And did she give you a time frame of how long it had been since these events had occurred?
>
> A. Well, one hour.
>
> Q. Now when she was talking and while she was in this excited state, did she make statements to you about what caused her excited state, the startling event that caused her excited state?

172

[Mr. Ashford]: Objection, that calls for hearsay, Your Honor.

[The Court]: I'll overrule it under the Excited Utterance Rule.

* * *

Q. Did she say that the events—did she tell you whether or not the events that had caused her emotional state happened there in that hotel room?

[Mr. Ashford]: Your Honor, I'm going to object, again. I don't feel that it's been shown that the witness was—did not have sufficient time to reflect on these events. So, her statements would not be mere narrative of a past event and not necessarily under any excited event of an alleged event.

[The Court]: I'll overrule that objection.

Q. Go ahead, ma'am.

A. Can you repeat the question?

Q. While she was there and while she was discussing something that put her in that excited state, did she talk about what happened to her?

A. Yes, she did.

Officer Rodriguez went on to testify that Hooper said appellant's actions were the cause of her excited emotional state. Hooper continued by describing the assault and even agreed that she needed a protective order to prevent further violence. Another officer later reiterated at trial that Hooper appeared scared when he arrived at the scene.

Based on the testimony presented at trial, the State laid the necessary foundation to prove Hooper's statements constitute an excited utterance. The trial court heard testimony that Hooper was extremely agitated when officers arrived at the scene. In fact, she was so upset that officers initially could not understand her. The State's attorney repeatedly asked whether the alleged assault caused Hooper's excited state and whether she was still under the stress of that exciting event when she was describing what occurred. Only after Officer Rodriguez affirmatively answered these questions did the trial court allow the officer to testify about what Hooper actually said. Thus, the trial court properly considered the requisite factors and determined that Hooper's statements were excited utterances. Based on our own review of the record, we cannot say the trial court's admission of these statements was outside the zone of reasonable disagreement. Accordingly, we overrule appellant's second point of error.

**Jury Instruction on Consent**

In his third point of error, appellant complains that the trial court improperly refused to provide a jury instruction on the issue of consent because there was some evidence that Hooper consented to appellant's actions. Therefore, he avers that the court should have instructed the jury to consider consent as a defense to the assault charge.

■■■ Section 22.06 of the Texas Penal Code provides that consent can be a defense to prosecution for assault. TEX. PEN.CODE ANN. § 22.06(1) (Vernon 2003). A defendant is entitled to a jury instruction on any theory of defense supported by the evidence. *Granger v. State*, 3 S.W.3d 36, 38 (Tex.Crim.App.1999); *Hamel v. State*, 916 S.W.2d 491, 493 (Tex.Crim.App. 1996). This is true whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court believes about the credibility of the evidence. *Granger*, 3 S.W.3d at 38; *Hamel*, 916 S.W.2d at 493. This rule is designed to insure that the jury, not the judge, will decide the relative credibility of the evidence. *Miller v. State*, 815 S.W.2d 582, 585 (Tex.Crim.App.1991). In review-

ing a trial court's refusal to provide an instruction, we view the evidence in the light most favorable to the defendant. *Preston v. State,* 756 S.W.2d 22, 24 (Tex. App.-Houston [14th Dist.] 1988, pet. ref'd). Therefore, the issue before us is whether the evidence, viewed in the light most favorable to appellant, is sufficient to raise the issue of consent. *See Miller,* 815 S.W.2d at 585.

To support his argument, appellant relies on Hooper's testimony whereby she recanted her story about the alleged assault. On direct examination, Hooper explained that she provided a misleading picture to police officers about what occurred on the evening of the alleged assault. Contrary to her statements to the officers, Hooper testified the bite marks were the result of consensual sexual activity that occurred the night before the alleged assault. Based on this testimony, appellant argues he was entitled to a jury instruction on consent regarding his actions in biting Hooper. Appellant also points out that Hooper testified she was the one who initially became physically violent and that she actually struck him first. Therefore, appellant suggests he was entitled to an instruction on consent in hitting Hooper as well.

▆▆ The State first claims that appellant's requested instruction on consent regarding the biting allegation is moot. Specifically, the State correctly observes that appellant was charged with two manner and means of committing the assault— biting and striking with the hand. The State contends that because it was only required to prove one method of commit-

ting the assault, the lack of evidence on consent with regard to the hitting renders any discussion on the biting allegations moot. The argument would be compelling if the issue before us were one of legal sufficiency. However, the issue presented here is whether the trial court erred in failing to give a properly requested instruction on the defense of consent. Thus, the issue is not moot.

▆▆ The State also asserts that there is no evidence that Hooper consented to being hit. While that is true, the issue raised at trial is whether Hooper consented to being bitten. Looking at the jury's verdict, we cannot determine whether appellant was convicted for assault based on hitting or biting. Because the jury was charged in the alternative, it is possible the jury convicted appellant based solely on biting.[2] Hooper's testimony constitutes some evidence that she consented to being bitten by appellant. Accordingly, appellant was entitled to an instruction on consent.

▆▆ On rehearing, the State chastens this court for failing to address its contention that appellant has failed to present anything for review by omitting citations to the record regarding this point of error. While a brief must contain "appropriate citations to authorities and to the record," [3] the briefing rules found in the Rules of Appellate Procedure "are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case." [4] Accordingly, the rules are to be construed liberally

---

2. It is, of course, equally plausible, even probable, that the jury convicted appellant based solely on the hitting. However, our responsibility on appeal is to review the evidence supporting appellant's requested instruction in the light most favorable to him. *See Miller,* 815 S.W.2d at 585.

3. TEX.R.APP. P. 38.1(h).

4. TEX.R.APP. P. 38.9.

and "substantial compliance" with the rules may, in the court's discretion, be sufficient. Tex.R.App. P. 38.9. In other words, it is the court's prerogative, not the parties', to insist on unerring compliance with the briefing rules. Where, as here, the court has had no difficulty locating the pertinent portions of the record relating to appellant's third point of error, it is within the court's discretion to review the point of error.

 The State also argues on rehearing that appellant's requested instruction was "patently incorrect" because (1) consent and self-defense are contradictory theories, (2) consent negates self-defense, and (3) appellant either needed to defend himself from Hooper or Hooper consented to his actions, but not both. However, a defendant may rely "on more than one defensive theory." *Thomas v. State*, 678 S.W.2d 82, 85 (Tex.Crim.App.1984). In fact, a "defendant is entitled to submission of every defensive issue raised by the evidence, even if inconsistent with other defenses." *Darty v. State*, 994 S.W.2d 215, 219 (Tex.App.-San Antonio 1999, pet. ref'd). Further, according to Hooper's trial testimony, the biting and hitting did not occur at the same time; rather, the "consensual" biting occurred the evening before appellant hit her in "self-defense." Accordingly, the defenses are not contradictory.

The State further argues on rehearing that appellant's request for a charge on consent was too rambling and confused to give the trial court a fair opportunity to address his contention. We find no evidence of such confusion in the record. Appellant's counsel offered a proposed charge in which he (1) sought a consent instruction with regard to the hitting and (2) a self-defense instruction with regard to both the hitting and the biting. The trial court correctly refused this instruction be-cause there was no evidence the hitting was consensual or that the biting was done in self-defense. Whereupon, appellant's counsel discovered his error and amended his request so as to allow the jury to be instructed on consent with regard to the biting:

THE COURT: ... I think the way the consent thing is done—I think there's no doubt in the Court's mind, from her testimony, that she gives the impression that she consented to the bite; but I think that there's a—I think the Court has a problem finding that you can consent to being struck. I know that I would rather see us go with the self-defense charge, since she did raise that, that she made that statement, he is entitled to a charge on self-defense. So, we're going to have to do it over right quick.

MR. ASHFORD [Appellant's counsel]: So, if we're not going to have the charge on—consent charge on the bite, I guess I need to read that into the record also.

THE COURT: Okay. I understand your objection to that. Are you taking this down?

THE COURT REPORTER: Yes, ma'am.

THE COURT: And I think the—you've read it just a minute ago. Are you substituting hitting with biting?

MR. ASHFORD: Right, to the charge that was previously read on the consent, the word "biting" would be added to the allegations that were being consented to.

THE COURT: I'm going to allow the charge on self-defense. I am—at this point, do not feel that—I feel like the biting was a consent thing; but I don't feel like you have to have both consent and self-defense in the same charge.

 Having found error in the trial court's refusal to submit appellant's requested instruction on consent with regard to the biting, we must next determine

whether that error requires reversal. *See* TEX.CODE CRIM. PROC. ANN. art. 36.19 (Vernon 1981); *Miller*, 815 S.W.2d at 585–86 (citing *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984)). If the charge contains error, and that error has been properly preserved by an objection or requested instruction, reversal is required as long as the error is not harmless. *Almanza*, 686 S.W.2d at 171. This means we must determine whether appellant suffered "some harm." *Trevino v. State*, 100 S.W.3d 232, 242 (Tex.Crim.App.2003). "Unless *all* harm was abated, appellant suffered 'some' harm." *Miller*, 815 S.W.2d at 586 n. 5 (emphasis in original).

As explained above, we cannot determine whether the jury convicted appellant based on the biting or the hitting allegations. Had the jury believed appellant was guilty only of the biting charge, it is possible that they would have acquitted him of committing assault if it had been properly charged regarding consent. While the State presented considerable evidence of an assault, we again note that whether Hooper was assaulted was a determination for the jury to make. *Id.* at 585. Without "fair assurance" that the error did not have an "injurious effect or influence in determining the jury's verdict," we cannot conclude that the error was harmless. *Trevino*, 100 S.W.3d at 243 (quoting *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim. App.1997)); *see also Miller*, 815 S.W.2d at 586 (finding "some harm" existed where the court refused to provide an instruction on mistaken consent). Accordingly, we sustain appellant's third point of error.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.