NO. 07-07-0120-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 14, 2008
_____

ROY LEONARD MATHRE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 53108-E; HON. ABE LOPEZ, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

The appeal before us involves the offense of indecency with a child by exposure. Appellant Roy Leonard Mathre contests his conviction by claiming that the trial court erred in admitting hearsay testimony. We affirm the judgment.

*Background*

Appellant was accused of exposing his genitals to a ten-year-old girl in a laundromat in Amarillo.[1] She reported the incident to her older brother who was with her. In turn, he

_____

[1] The girl and her twelve-year-old brother had been left alone there while their father took his girlfriend to a meeting.

told two other persons who were also there.  One of those persons immediately called the police.  The testimony of the two persons whom the victim's brother contacted was tendered as outcry, and the trial court allowed them to testify on that basis.  However, Officer Walter McGallian and the complainant's father Jimmy Patterson were also permitted to testify to what the complainant told them about the incident.  Appellant contends this was error.

*Standard of Review and Application*

We review the trial court's decision to admit evidence under the standard of abused discretion.  *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  So too must we uphold the decision if it is supported by any applicable theory of law.  *McDonald v. State,* 148 S.W.3d 598, 603 (Tex. App.–Houston [14th Dist.] 2004), *aff'd,* 179 S.W.3d 571 (Tex. Crim. App. 2005); *Carter v. State,* 145 S.W.3d 702, 707, (Tex. App.–Dallas 2004, pet. ref'd).

When McGallian, the initial responding police officer, attempted to testify to what the complainant told him had happened, appellant objected on the ground of hearsay.  The court overruled the objection.  The basis of the court's ruling was not disclosed in the record; however, just prior to the subject testimony, the officer said that both children were very upset and the complainant was crying.  Moreover, that demeanor is of import because statements relating to startling events or conditions made while the declarant was under the stress of excitement caused by the event or condition is an exception to the hearsay rule.  TEX. R. EVID. 803(2).

So, the question to be determined here is whether the declarant was still dominated by the emotions, excitement, fear or pain of the event when speaking with the officer. *King v. State,* 953 S.W.2d 266, 269 (Tex. Crim. App. 1997). And, based upon the officer's description of the complainant's condition at the time he interviewed her as well as her young age, we cannot say the trial court's decision to admit the testimony fell outside the zone of reasonable disagreement and constituted an abuse of discretion. *See Davis v. State,* 169 S.W.3d 660, 671 (Tex. App.–Austin 2005), *aff'd,* 203 S.W.3d 845 (Tex. Crim. App. 2006) (holding that a statement made to an officer shortly after the event when the complainant was sobbing and appeared hysterical was an excited utterance).

Next, appellant complains of the admission of the same evidence told by the complainant to the children's father Jimmy Patterson when he arrived at the laundromat after the incident. Again, appellant objected on the basis of hearsay. In response, the State sought admission of the evidence under the excited utterance exception. According to Patterson, his daughter shook, her voice trembled, her face was red, she had an altered breathing pattern, she was crying, and she appeared generally traumatized when he spoke with her.

While a bit of time elapsing between a startling event and the hearsay statement is a factor to be considered when assessing whether the statement was an excited utterance, *Bufkin v. State,* 179 S.W.3d 166, 171 (Tex. App.–Houston [14th Dist.] 2005), *aff'd,* 207 S.W.3d 779 (Tex. Crim. App. 2006), it is not dispositive. *See Apolinar v. State,* 155 S.W.3d 184, 190-91 (Tex. Crim. App. 2005) (finding that, under the circumstances, the elapse of four days did not prevent the statement from being an excited utterance); *White*

*v. State,* 201 S.W.3d 233, 246 (Tex. App.–Fort Worth 2006, pet. ref'd) (finding that a statement made by the victim in a second interview after the defendant had been interviewed by police, the complainant had put on more clothes, and another officer had arrived was an excited utterance when the victim was still visibly shaken).  And given the emotional state of the victim as described by her father when he spoke with her, we cannot say that a decision to consider the utterance an excited one fell outside the zone of reasonable disagreement and constituted an abuse of discretion.

Accordingly, appellant's issue is overruled and the judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.