NO. 07-09-00275-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



FEBRUARY
7, 2011

 



 

RODNEY W. WOOTEN, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW NO. 2
OF LUBBOCK COUNTY;

 

NO. 2008-451,360; HONORABLE DRUE FARMER, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Rodney W. Wooten appeals
from his conviction by jury of the misdemeanor offense of domestic violence
assault[1]
and the resulting sentence of fifteen days of imprisonment in the county jail
and a fine of $3,000.  Through three
issues, appellant contends the State failed to disclose evidence in violation
of Brady v. Maryland, the trial court erred in refusing to include in
the court=s charge an instruction of consent as
a defense to assault, and the evidence was factually insufficient to support
his conviction.  We affirm.

Background

            The
victim of appellant’s assault was his wife, Wendi. She testified at trial, along
with the 911 operator, the responding officer, and a Women’s Protective
Services advocate.  Appellant presented
the testimony of his son.  The evidence
indicated police were called to the couple’s Lubbock apartment in response to a
domestic disturbance.  Wendi told the
responding officer that she and her husband argued over a MySpace account and
he slammed the bedroom door on her leg and threw her against the wall.  She attempted to call 911 at that time but
her husband took the phones away from her. 
She called 911 from a neighbor’s apartment. The officer described Wendi
as crying, scared, and in pain.  He
observed she had a bruise on the inner side of her leg.  








Wendi went to her doctor the next
day.  She had small bruises on her knee
and her arm.  The doctor prescribed a
painkiller and anti-inflammatory medication. 
She returned to the doctor a day later because she was not feeling well.


When the responding officer spoke
with appellant on the phone, appellant told the officer he did not assault
Wendi. The officer told appellant to stay somewhere else that night or he would
be arrested.  Appellant did not testify
at trial.








Analysis

Brady Violation

In his first issue, appellant argues
the State failed to disclose favorable evidence in violation of Brady v. Maryland.[2]  The evidence of which appellant complains is
a report regarding a prior incident of abuse committed against Wendi.  Appellant argued the report showed that
instance of violence was mutual combat between Wendi and appellant. The State
contends this issue was not preserved for appellate review.  At oral argument, appellant conceded the
State is correct.  After a review of the
record, we agree and overrule appellant=s first issue.


Jury Instruction

In appellant=s second issue, he contends the trial
court erred in failing to include a defensive instruction on consent pursuant
to section 22.06 of the Penal Code.  See
Tex. Penal Code Ann. § 22.06 (West 2007). 

             On a timely request, a defendant has the right
to an instruction on any defensive issue raised by the evidence, whether such
evidence is strong or weak, unimpeached or
contradicted, regardless of what the trial court may or may not think about the
credibility of this evidence. See Hamel v. State, 916
S.W.2d 491, 493 (Tex.Crim.App. 1996); Miller v.
State, 815 S.W.2d 582, 585 (Tex.Crim.App. 1991)
(op. on reh'g). When evidence from any source
raises a defensive issue, and the defendant properly requests a jury charge on
that issue, the trial court must submit the issue to the jury. See Muniz v.
State, 851 S.W.2d 238, 254 (Tex.Crim.App. 1993), cert.
denied, 510 U.S. 837, 126 L. Ed. 2d 82, 114 S. Ct. 116 (1993). Thus, if the
issue is raised by any party, refusal to submit the requested instruction is an
abuse of discretion. Id.  When the
evidence fails, however, to raise a defensive issue, the trial court commits no
error in refusing a requested instruction. Id. 

Under the Penal Code, it is a defense
to the offense of simple assault that the victim effectively consented to the
offender's assaultive conduct or that the offender reasonably believed that the
victim consented, at least so long as the conduct did not threaten or inflict
serious bodily injury. Tex. Penal Code Ann. '
22.06 (West 2007); Allen v. State, 253 S.W.3d 260, 261 (Tex.Crim.App. 2008). 
The Texas Penal Code defines "consent" as "assent in
fact, whether express or apparent." Tex. Penal Code Ann. ' 1.07(a)(11)
(West 2003). Thus, the issue is whether there was any evidence, viewed in the
light most favorable to appellant, to show (1) Wendi effectively consented to
the assault, i.e., whether there was any evidence that she assented in fact,
either expressly or impliedly, or (2) appellant reasonably believed Wendi
effectively consented.  See Bufkin v.
State, 179 S.W.3d 166, 173 (Tex.App.—Houston [14th
Dist.] 2005), aff’d 2006 Tex.Crim.App.
LEXIS 2111 (Tex.Crim.App.
Nov. 1, 2006).

Appellant contends consent can be
implied from Wendi=s testimony that when she entered the
bedroom after their argument to look for cigarettes, appellant grabbed her arm
and she slapped him in the face.  She
then left the room but later returned to find the door closed and
barricaded.  She tried to force her way
into the room and appellant slammed the door on her leg before she was able to
move it out of the way.  Shortly
thereafter, appellant attempted to leave the house and Wendi came up behind him.  He pushed her into a wall.  Appellant argues the issue of consent to
mutual combat was raised by Wendi’s testimony because it shows Wendi was the
instigator of the confrontations.

The State disagrees, noting that
Wendi did not dare, entice, or induce appellant to assault her. See,
e.g.,  Allen, 253 S.W.3d at 267  (evidence of the victim=s words such as Ago ahead,@ Acome on,@ Aslap me,@ and Ado it@ could be sufficient to raise
evidence of consent); Pierce v. State, No. 04-02-00749-CR, 2003 Tex.App. LEXIS 9799, at *13 (Tex.App.BSan Antonio Nov. 19, 2003, pet. ref=d) (mem. op., not designated for
publication) (victim testified she had been Aegging him on@ right before he pushed her off the bed but, under the
circumstances, the statement was no more than a Asmart‑alec@ remark and was not consent). 

In Pierce, the court concluded that the victim’s statement of “go
ahead” before defendant struck her was no more than a “smart-alec” remark and was not consent. Pierce, No. 04-02-00749-CR, 2003 Tex.App. LEXIS 9799, at *13.  The court further noted that even viewed in
the light most favorable to the defense, the statement shows that the alleged
consent occurred only after the assaultive conduct had begun and the victim
thus could not have consented to being hit, choked, grabbed, scratched or
knocked down.  Id.  The rationale of Pierce is applicable here.  The testimony to which appellant points shows Wendi slapped him
only after appellant grabbed Wendi=s arm.  Her action cannot be seen as giving implied
consent to his physical actions of slamming her leg in the door or pushing her
into a wall. Id. at
*13; Tex. Penal Code Ann. ''
1.07(19), 22.06 (West 2003).  See Allen, 253 S.W.3d at 268 (noting “[c]ommon experience tells us
that such apparent bravado (‘go ahead,’ ‘come on,’ ‘slap me,’ ‘do it’) in the
face of an expressed threat does not normally communicate a genuine desire to
be assaulted; it far more likely constitutes a backhanded warning of
potentially dire consequences to the threatener
should she actually carry out her threat”).  Neither of Wendi’s other two actions,
attempting to enter their shared bedroom and coming up behind appellant as he
was leaving their apartment, provide evidence she consented to his assaultive
conduct. Moreover, appellant did not testify and offered no evidence,
testimonial or otherwise, that he formed a reasonable belief that Wendi
consented to being hit. Pierce,
No. 04-02-00749-CR, 2003 Tex.App. LEXIS 9799, at *13; Tex. Penal Code Ann. § 22.06 (West 2007).  Having reviewed the entire record, we find
the circumstances described in the record would not lead an ordinary and
prudent man to a reasonable belief[3]
his wife effectively was consenting to his slamming a door on her leg or
pushing her into a wall.  

Because the evidence failed to raise
the defense of consent, the trial court did not commit error in refusing the
requested instruction on consent. Granger v. State, 3
S.W.3d 36, 38 (Tex.Crim.App. 1999). We
overrule appellant=s second issue.

Sufficiency of the Evidence

In appellant’s last issue, he challenges the
factual sufficiency of the evidence to support his conviction.  Since appellant’s brief was
filed, however, the Court of Criminal Appeals decided Brooks v. State, 323 S.W.3d 893, 2010 Tex.Crim.App.
LEXIS 1240 (Tex.Crim.App. 2010).  In that case, the court determined the
sufficiency of the evidence should be reviewed only under the standard set
forth in Jackson v. Virginia, 443
U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979).  We will therefore review the
evidence in a light most favorable to the verdict for appellant’s sufficiency
claim.[4]

            The legal sufficiency standard
mandates that an appellate court defer to the factfinder's
credibility and weight determinations. Brooks, 323 S.W.3d 893, 2010 Tex. Crim.
App. LEXIS 1240, at *8.
After giving proper deference to the factfinder's
role, we will uphold the verdict unless a rational factfinder
must have had reasonable doubt as to any essential element. Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim.
App. 2009).

A person commits assault if the
person intentionally, knowingly or recklessly causes bodily injury to another,
including the person's spouse. See Tex. Penal Code Ann. ' 22.01(a)(1)
(West 2003). Therefore, the State was required to prove appellant intentionally,
knowingly or recklessly caused bodily injury to Wendi.  We note appellant does not challenge the
evidence supporting these elements but instead reiterates his
consent or mutual combat argument.[5]  Although we have already discussed and
rejected appellant’s consent argument, we nevertheless will briefly address the evidence supporting each
element of the offense in our sufficiency review.

First, the State had to prove
appellant was the person who committed the assault.  Wendi identified appellant as the person who
assaulted her. Appellant did not deny that he was the person who committed the
assaultive actions.  Appellant
acknowledges he and Wendi were husband and wife, members of the same household.  See Tex. Fam. Code Ann. § 71.005 (West
2009) (Ahousehold@ means a unit composed of persons
living together in the same dwelling without regard to whether they are related
to each other).

Next, the State had to prove
appellant caused Wendi bodily injury.  ABodily injury@ means physical pain, illness, or any
impairment of physical condition.  See Tex. Penal Code Ann. ' 1.07(8) (West 2003). Wendi testified
at trial appellant slammed the door on her Areally hard@ and part of her knee was Asmashed in the door.@ She also testified that appellant
pushed her into the wall with two hands, causing both of her arms to go Aflying.@ 
Her arm hit the doorway to their bedroom and her back hit the closet
door.  She agreed that this hurt.  The officer who responded on the day of the
incident testified that when he made contact with Wendi, A[s]he was crying.  You could tell she was in pain,
and she
was very scared.@ Photographs were admitted at trial
showing a bruise on Wendi=s arm and knee. Wendi testified that she went to the
doctor because her arm was hurting and was prescribed pain relievers and anti-inflammatories. She testified she returned to the doctor
the following day because she still was not feeling well physically.  This evidence is sufficient to support the
“bodily injury” element of the assault offense.








Last, the State had to prove
appellant intentionally, knowingly, or recklessly caused bodily injury to
Wendi.  Because section
22.01 authorizes three culpable mental states disjunctively, proof of any one
of the three is sufficient to support a conviction.  Perez v. State, 704
S.W.2d 499, 501 (Tex.App.BCorpus
Christi 1986, no pet.). 
A person acts intentionally
with respect to a result of his conduct when it is his conscious objective or
desire to cause the result.  Tex. Penal Code Ann. § 6.03(a) (West 2003). A person acts knowingly
with respect to a result of his conduct when he is aware that it is reasonably
certain to cause the result. Id. § 6.03(b). A
person acts recklessly with
respect to a result of his conduct when he is aware of, but consciously
disregards, a substantial and unjustifiable risk that the result will occur. Id. § 6.03(c). Intent may be inferred from circumstantial evidence such as
acts, words, and the conduct of the appellant, as well as circumstances
surrounding the offense.  Morris v. State, 07-08-0119-CR, 2009 LEXIS 5198, *3-4 (Tex.App.BAmarillo July 7, 2009, no pet.) (mem. op.,
not designated for publication), citing Guevara v. State, 152 S.W.3d 45,
50 (Tex.Crim.App. 2004). 

 

Wendi testified appellant
intentionally caused her injuries.  The record shows sufficient evidence from
which the jury could have inferred appellant at least knowingly caused Wendi
bodily injury when he grabbed her arm and, at the very least, recklessly caused
bodily injury when he slammed the door with Wendi=s leg still in it and pushed Wendi
into a wall.[6]

As sole judge of the credibility of
the witnesses and the weight to be given to their testimony, the jury chose, as
they were entitled to do, to believe Wendi's version of events. See Tex. Code Crim. Proc. Ann. art.
38.04 (West 1979 & Supp. 2009); Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Crim.App. 2002). 
Applying the appropriate standard of review set forth in Brooks, we find the evidence sufficient
to support the jury's verdict.  We
overrule appellant=s last issue and affirm the judgment of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not publish.

 

 











[1] 
See Tex. Penal Code Ann. § 22.01(a)(1)
(West 2003).





[2] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).





[3] See Tex. Penal Code Ann. §
1.07(a)(42) (West 2003) (reasonable belief Ameans a belief that would be held by
an ordinary and prudent man in the same circumstances as the actor@). 






[4]
The previously-applied
factual sufficiency standard considers whether the evidence supporting guilt,
though legally sufficient, is so weak that the jury's verdict seems clearly
wrong and manifestly unjust, or evidence contrary to the verdict is such that the
jury's verdict is against the great weight and preponderance of the evidence. Grotti v. State, 273 S.W.3d
273, 283 (Tex.Crim.App. 2008); Watson v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App.
2006). Under that standard, the ultimate question is whether,
considering all the evidence in a neutral light, the jury was rationally
justified in finding guilt beyond a reasonable doubt. Grotti, 273
S.W.3d at 283. Even had we applied such a standard to review of the
evidence, we could not sustain appellant's contention. From our review of the
entire record, the finding of appellant's assaultive conduct was neither clearly wrong and manifestly unjust nor against the
great weight and preponderance of the evidence.

 





[5]
Appellant insists that Wendi, by slapping him in the
face, indicated her desire to enter into a violent and aggressive encounter and
consented to appellant=s assaultive
conduct, rendering the evidence insufficient to support his conviction.  





[6]
Again, we note
appellant does not dispute that he intentionally, knowingly,
or recklessly took physical action against Wendi.  He argues only that Wendi=s actions manifested
implied consent to his conduct and that a person who slaps another should
expect a physical reaction.