NO. 07-09-00275-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 7, 2011

RODNEY W. WOOTEN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2008-451,360; HONORABLE DRUE FARMER, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Rodney W. Wooten appeals from his conviction by jury of the misdemeanor offense of domestic violence assault[1] and the resulting sentence of fifteen days of imprisonment in the county jail and a fine of $3,000. Through three issues, appellant contends the State failed to disclose evidence in violation of *Brady v. Maryland,* the trial court erred in refusing to include in the court's charge an instruction of consent as a defense to assault, and the evidence was factually insufficient to support his conviction. We affirm.

---

[1] *See* Tex. Penal Code Ann. § 22.01(a)(1) (West 2003).

Background

The victim of appellant's assault was his wife, Wendi. She testified at trial, along with the 911 operator, the responding officer, and a Women's Protective Services advocate. Appellant presented the testimony of his son. The evidence indicated police were called to the couple's Lubbock apartment in response to a domestic disturbance. Wendi told the responding officer that she and her husband argued over a MySpace account and he slammed the bedroom door on her leg and threw her against the wall. She attempted to call 911 at that time but her husband took the phones away from her. She called 911 from a neighbor's apartment. The officer described Wendi as crying, scared, and in pain. He observed she had a bruise on the inner side of her leg.

Wendi went to her doctor the next day. She had small bruises on her knee and her arm. The doctor prescribed a painkiller and anti-inflammatory medication. She returned to the doctor a day later because she was not feeling well.

When the responding officer spoke with appellant on the phone, appellant told the officer he did not assault Wendi. The officer told appellant to stay somewhere else that night or he would be arrested. Appellant did not testify at trial.

Analysis

*Brady Violation*

In his first issue, appellant argues the State failed to disclose favorable evidence in violation of *Brady v. Maryland*.[2]  The evidence of which appellant complains is a

---

[2] *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

report regarding a prior incident of abuse committed against Wendi. Appellant argued the report showed that instance of violence was mutual combat between Wendi and appellant. The State contends this issue was not preserved for appellate review. At oral argument, appellant conceded the State is correct. After a review of the record, we agree and overrule appellant's first issue.

*Jury Instruction*

In appellant's second issue, he contends the trial court erred in failing to include a defensive instruction on consent pursuant to section 22.06 of the Penal Code. *See* Tex. Penal Code Ann. § 22.06 (West 2007).

On a timely request, a defendant has the right to an instruction on any defensive issue raised by the evidence, whether such evidence is strong or weak, unimpeached or contradicted, regardless of what the trial court may or may not think about the credibility of this evidence. *See Hamel v. State*, 916 S.W.2d 491, 493 (Tex.Crim.App. 1996); *Miller v. State*, 815 S.W.2d 582, 585 (Tex.Crim.App. 1991) (op. on reh'g). When evidence from any source raises a defensive issue, and the defendant properly requests a jury charge on that issue, the trial court must submit the issue to the jury. *See Muniz v. State*, 851 S.W.2d 238, 254 (Tex.Crim.App. 1993), *cert. denied*, 510 U.S. 837, 126 L. Ed. 2d 82, 114 S. Ct. 116 (1993). Thus, if the issue is raised by any party, refusal to submit the requested instruction is an abuse of discretion. *Id.* When the evidence fails, however, to raise a defensive issue, the trial court commits no error in refusing a requested instruction. *Id.*

Under the Penal Code, it is a defense to the offense of simple assault that the victim effectively consented to the offender's assaultive conduct or that the offender reasonably believed that the victim consented, at least so long as the conduct did not threaten or inflict serious bodily injury. Tex. Penal Code Ann. § 22.06 (West 2007); *Allen v. State,* 253 S.W.3d 260, 261 (Tex.Crim.App. 2008). The Texas Penal Code defines "consent" as "assent in fact, whether express or apparent." Tex. Penal Code Ann. § 1.07(a)(11) (West 2003). Thus, the issue is whether there was any evidence, viewed in the light most favorable to appellant, to show (1) Wendi effectively consented to the assault, i.e., whether there was any evidence that she assented in fact, either expressly or impliedly, or (2) appellant reasonably believed Wendi effectively consented. *See Bufkin v. State,* 179 S.W.3d 166, 173 (Tex.App.—Houston [14th Dist.] 2005), *aff'd* 2006 Tex.Crim.App. LEXIS 2111 (Tex.Crim.App. Nov. 1, 2006).

Appellant contends consent can be implied from Wendi's testimony that when she entered the bedroom after their argument to look for cigarettes, appellant grabbed her arm and she slapped him in the face. She then left the room but later returned to find the door closed and barricaded. She tried to force her way into the room and appellant slammed the door on her leg before she was able to move it out of the way. Shortly thereafter, appellant attempted to leave the house and Wendi came up behind him. He pushed her into a wall. Appellant argues the issue of consent to mutual combat was raised by Wendi's testimony because it shows Wendi was the instigator of the confrontations.

4

The State disagrees, noting that Wendi did not dare, entice, or induce appellant to assault her. *See, e.g., Allen,* 253 S.W.3d at 267 (evidence of the victim's words such as "go ahead," "come on," "slap me," and "do it" could be sufficient to raise evidence of consent); *Pierce v. State,* No. 04-02-00749-CR, 2003 Tex.App. LEXIS 9799, at \*13 (Tex.App.–San Antonio Nov. 19, 2003, pet. ref'd) (mem. op., not designated for publication) (victim testified she had been "egging him on" right before he pushed her off the bed but, under the circumstances, the statement was no more than a "smart-alec" remark and was not consent).

In *Pierce,* the court concluded that the victim's statement of "go ahead" before defendant struck her was no more than a "smart-alec" remark and was not consent. *Pierce,* No. 04-02-00749-CR, 2003 Tex.App. LEXIS 9799, at \*13. The court further noted that even viewed in the light most favorable to the defense, the statement shows that the alleged consent occurred only after the assaultive conduct had begun and the victim thus could not have consented to being hit, choked, grabbed, scratched or knocked down. *Id.* The rationale of *Pierce* is applicable here. The testimony to which appellant points shows Wendi slapped him only after appellant grabbed Wendi's arm. Her action cannot be seen as giving implied consent to his physical actions of slamming her leg in the door or pushing her into a wall. *Id.* at \*13; Tex. Penal Code Ann. §§ 1.07(19), 22.06 (West 2003). *See Allen,* 253 S.W.3d at 268 (noting "[c]ommon experience tells us that such apparent bravado ('go ahead,' 'come on,' 'slap me,' 'do it') in the face of an expressed threat does not normally communicate a genuine desire to

5

be assaulted; it far more likely constitutes a backhanded warning of potentially dire consequences to the threatener should she actually carry out her threat"). Neither of Wendi's other two actions, attempting to enter their shared bedroom and coming up behind appellant as he was leaving their apartment, provide evidence she consented to his assaultive conduct. Moreover, appellant did not testify and offered no evidence, testimonial or otherwise, that he formed a reasonable belief that Wendi consented to being hit. *Pierce,* No. 04-02-00749-CR, 2003 Tex.App. LEXIS 9799, at *13; Tex. Penal Code Ann. § 22.06 (West 2007). Having reviewed the entire record, we find the circumstances described in the record would not lead an ordinary and prudent man to a reasonable belief[3] his wife effectively was consenting to his slamming a door on her leg or pushing her into a wall.

Because the evidence failed to raise the defense of consent, the trial court did not commit error in refusing the requested instruction on consent. *Granger v. State*, 3 S.W.3d 36, 38 (Tex.Crim.App. 1999). We overrule appellant's second issue.

*Sufficiency of the Evidence*

In appellant's last issue, he challenges the factual sufficiency of the evidence to support his conviction. Since appellant's brief was filed, however, the Court of Criminal Appeals decided *Brooks v. State,* 323 S.W.3d 893, 2010 Tex.Crim.App. LEXIS 1240

---

[3] *See* Tex. Penal Code Ann. § 1.07(a)(42) (West 2003) (reasonable belief "means a belief that would be held by an ordinary and prudent man in the same circumstances as the actor").

(Tex.Crim.App. 2010).  In that case, the court determined the sufficiency of the evidence should be reviewed only under the standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  We will therefore review the evidence in a light most favorable to the verdict for appellant's sufficiency claim.[4]

The legal sufficiency standard mandates that an appellate court defer to the factfinder's credibility and weight determinations. *Brooks*, 323 S.W.3d 893, 2010 Tex. Crim. App. LEXIS 1240, at *8. After giving proper deference to the factfinder's role, we will uphold the verdict unless a rational factfinder must have had reasonable doubt as to any essential element. *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

A person commits assault if the person intentionally, knowingly or recklessly causes bodily injury to another, including the person's spouse. See Tex. Penal Code Ann. § 22.01(a)(1) (West 2003). Therefore, the State was required to prove appellant intentionally, knowingly or recklessly caused bodily injury to Wendi.  We note appellant

---

[4] The previously-applied factual sufficiency standard considers whether the evidence supporting guilt, though legally sufficient, is so weak that the jury's verdict seems clearly wrong and manifestly unjust, or evidence contrary to the verdict is such that the jury's verdict is against the great weight and preponderance of the evidence. *Grotti v. State*, 273 S.W.3d 273, 283 (Tex.Crim.App. 2008); *Watson v. State,* 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006). Under that standard, the ultimate question is whether, considering all the evidence in a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Grotti*, 273 S.W.3d at 283. Even had we applied such a standard to review of the evidence, we could not sustain appellant's contention. From our review of the entire record, the finding of appellant's assaultive conduct was neither clearly wrong and manifestly unjust nor against the great weight and preponderance of the evidence.

does not challenge the evidence supporting these elements but instead reiterates his consent or mutual combat argument.[5] Although we have already discussed and rejected appellant's consent argument, we nevertheless will briefly address the evidence supporting each element of the offense in our sufficiency review.

First, the State had to prove appellant was the person who committed the assault. Wendi identified appellant as the person who assaulted her. Appellant did not deny that he was the person who committed the assaultive actions. Appellant acknowledges he and Wendi were husband and wife, members of the same household. *See* Tex. Fam. Code Ann. § 71.005 (West 2009) ("household" means a unit composed of persons living together in the same dwelling without regard to whether they are related to each other).

Next, the State had to prove appellant caused Wendi bodily injury. "Bodily injury" means physical pain, illness, or any impairment of physical condition. *See* Tex. Penal Code Ann. § 1.07(8) (West 2003). Wendi testified at trial appellant slammed the door on her "really hard" and part of her knee was "smashed in the door." She also testified that appellant pushed her into the wall with two hands, causing both of her arms to go "flying." Her arm hit the doorway to their bedroom and her back hit the closet door. She agreed that this hurt. The officer who responded on the day of the incident testified that when he made contact with Wendi, "[s]he was crying. You could tell she was in pain,

---

[5] Appellant insists that Wendi, by slapping him in the face, indicated her desire to enter into a violent and aggressive encounter and consented to appellant's assaultive conduct, rendering the evidence insufficient to support his conviction.

and she was very scared." Photographs were admitted at trial showing a bruise on Wendi's arm and knee. Wendi testified that she went to the doctor because her arm was hurting and was prescribed pain relievers and anti-inflammatories. She testified she returned to the doctor the following day because she still was not feeling well physically. This evidence is sufficient to support the "bodily injury" element of the assault offense.

Last, the State had to prove appellant intentionally, knowingly, or recklessly caused bodily injury to Wendi. Because section 22.01 authorizes three culpable mental states disjunctively, proof of any one of the three is sufficient to support a conviction. *Perez v. State,* 704 S.W.2d 499, 501 (Tex.App.–Corpus Christi 1986, no pet.). A person acts **i**ntentionally with respect to a result of his conduct when it is his conscious objective or desire to cause the result. Tex. Penal Code Ann. § 6.03(a) (West 2003). A person acts knowingly with respect to a result of his conduct when he is aware that it is reasonably certain to cause the result. *Id.* § 6.03(b). A person acts recklessly with respect to a result of his conduct when he is aware of, but consciously disregards, a substantial and unjustifiable risk that the result will occur. *Id.* § 6.03(c). Intent may be inferred from circumstantial evidence such as acts, words, and the conduct of the appellant, as well as circumstances surrounding the offense. *Morris v. State,* 07-08-0119-CR, 2009 LEXIS 5198, *3-4 (Tex.App.–Amarillo July 7, 2009, no pet.) (mem. op., not designated for publication), *citing Guevara v. State,* 152 S.W.3d 45, 50 (Tex.Crim.App. 2004).

9

Wendi testified appellant intentionally caused her injuries. The record shows sufficient evidence from which the jury could have inferred appellant at least knowingly caused Wendi bodily injury when he grabbed her arm and, at the very least, recklessly caused bodily injury when he slammed the door with Wendi's leg still in it and pushed Wendi into a wall.[6]

As sole judge of the credibility of the witnesses and the weight to be given to their testimony, the jury chose, as they were entitled to do, to believe Wendi's version of events. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979 & Supp. 2009); *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex.Crim.App. 2002). Applying the appropriate standard of review set forth in *Brooks,* we find the evidence sufficient to support the jury's verdict. We overrule appellant's last issue and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[6] Again, we note appellant does not dispute that he intentionally, knowingly, or recklessly took physical action against Wendi. He argues only that Wendi's actions manifested implied consent to his conduct and that a person who slaps another should expect a physical reaction.