NO. 07-11-0112-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 20, 2012
_____

KENNETH RAY McCAIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 127,946; HONORABLE W.F. "CORKY" ROBERTS, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Kenneth Ray McCain, was convicted following a jury trial of assault—domestic violence, a Class A misdemeanor.[1] The trial court sentenced Appellant to 180 days confinement and a fine of $100, suspending imposition of the jail term in favor of one year of community supervision. Appellant asserts the State's evidence was legally insufficient to establish beyond a reasonable doubt that (1) he caused bodily injury to

---

[1]*See* Tex. Penal Code Ann. § 22.01(a)(1) (West 2011).

the complainant, Felicity Cox, by striking her in the face and (2) his actions were not justified under the law of self-defense. We affirm.

## BACKGROUND

At trial, Cox testified that, on March 5, 2010, she and Appellant were at a bar celebrating her 21st birthday. Appellant had been living at her apartment for three weeks and they were in a dating relationship. After leaving the bar, they returned to her apartment. At her apartment, she remembered slapping Appellant but could not recall the reason. The next thing she remembered was Appellant wiping her face and apologizing. She then went to bed. She next recalled Appellant waking her up to tell her the police were there. She testified that, when she awoke, she had two black eyes, her nose was black, and there were bruises on her arms, legs, back and neck. She could not move her neck and missed work for a month due to back pain. She testified the injuries were not accidental or self-inflicted. She also testified that Appellant and his baby were the only other persons in the apartment when she was injured. Although she gave inconsistent statements to law enforcement officers about what occurred at the apartment that night, a consistent aspect of her statements was that Appellant struck her.[2] At trial, Cox testified, in pertinent part, as follows:

> Q. Well, I think you testified earlier that you didn't remember him hitting you after that point?

---

[2]On March 8, Cox signed a sworn affidavit alleging Appellant sexually assaulted and choked her while she was in and out of consciousness. On March 31, she signed a second sworn affidavit recanting her sexual assault allegation but indicated she remembered Appellant hitting her, apologizing, and cleaning blood from her bleeding nose. On June 28, she signed a sworn affidavit of non-prosecution stating that she wanted the prosecution against Appellant dismissed. In her sworn affidavit, she stated "[she] gave Detective Krizan a written statement on June 18, 2010, that [Appellant] assaulted [her], [and the] statement is true and correct."

2

A. I don't remember him hitting me.

Q. So at this point, that's really an assumption on your part?

A. Well, I didn't hit myself.

Q. Well, I understand, but you don't have a conscious memory of it?

A. No, I do not.

She further testified she continued to see Appellant after the incident "[b]ecause [she] didn't want to believe that it had happened and [she] was still in love with him." She also wrote him two e-mails indicating that, if she hadn't hit him--he wouldn't have hit her, and indicated she didn't remember him hitting her.

In addition to Cox, five Amarillo police officers testified. Officers Wesley Brown and Michael Mogelinski testified they were dispatched to Cox's apartment at 12:55 a.m. on March 6, 2010. When they knocked on her door, there was no answer. The officers then went outside to view the apartment's exterior. From there, Officer Mogelinski observed there were lights on inside the apartment and the draperies were partially open. Both officers next heard what they described as a "blood-curdling scream" emanating from inside the apartment. Officer Mogelinski observed that, shortly thereafter, the lights in the apartment were turned off and the curtain was closed. Both officers ran up the stairs to the third floor apartment and kicked in the door. Between the time they heard the scream and entered the apartment, neither officer saw anyone enter or exit the apartment. When they entered the bedroom, Cox was lying on the bed in a fetal position and appeared unconscious. Appellant was lying next to her holding his child on his chest.

Officer Mogelinski testified Cox said she hurt, held her hand toward her face and indicated Appellant hit her several times. He testified that, with the injuries Cox had sustained to her head and eye, it was not feasible to give her any sobriety tests. Another officer who had arrived at the scene, Officer Ruben Coronado, testified that, when he removed Cox from the bed, large chunks of her hair fell onto the floor. Officer Coronado and Officer Mary Carmela Smith testified Cox's face was swollen and there was bruising around her eyes. Officer Smith testified Cox's nose was swollen and she had dried blood around her nostrils and lips. She further testified the bruising was pink and purple, and that Cox's injuries appeared to be "fairly recent" or "fresh." According to Officer Smith, Cox appeared to be in pain, smelled of alcoholic beverage and was intoxicated. Appellant did not testify. Based upon inconsistencies between Cox's trial testimony and her earlier statements, the trial court submitted the issue of self-defense to the jury. The jury subsequently found Appellant guilty of assault—domestic violence. The court assessed sentence and this appeal followed.

## DISCUSSION

Appellant contends the evidence was legally insufficient to prove (1) he caused bodily injury to Cox because no one identified him as her assailant; and (2) his actions were not justified under the law of self-defense.

### STANDARD OF REVIEW

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in a light most favorable to the verdict and determine whether, based on that evidence and the reasonable inferences drawn

4

therefrom, a rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. *Lucio v. State*, 351 S.W.3d 878, 894 (Tex.Crim.App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010) (plurality op.).

In reviewing a legal sufficiency challenge, we do not sit as a thirteenth juror and may not substitute our judgment for that of the fact-finder by re-evaluating the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.Crim.App. 2010). Rather, we defer to the fact-finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.*

### ASSAULT

A person commits assault if he intentionally, knowingly, or recklessly cause bodily injury to another. *See* Tex. Penal Code Ann. § 22.01(a)(1) (West 2011). "When there is no direct evidence of the perpetrator's identity elicited from trial witnesses, no formalized procedure is required for the State to prove the identity of the accused." *Clark v. State*, 47 S.W.3d 211, 214 (Tex.App.—Beaumont 2001, no pet.) (quoting *Roberson v. State*, 16 S.W.3d 156, 167 (Tex.App.—Austin 2000, pet. ref'd)). A perpetrator's identity may be proven by direct or circumstantial evidence. *Clark*, 47 S.W.3d at 214. Moreover, circumstantial evidence is not subject to a more rigorous standard of review than direct evidence and "[f]or purposes of proving guilt beyond a reasonable doubt, direct and circumstantial evidence are equally probative." *Id.* "Circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007).

A jury is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). Therefore, even though Cox made some conflicting statements, by finding Appellant guilty, the jury implicitly chose to believe the circumstantial evidence supporting Appellant's guilt. *See Denman v. State*, 193 S.W.3d 129, 132-33 (Tex.App.—Houston [1st Dist.] 2006, pet. ref'd). Considering all the evidence in a light most favorable to the verdict, we find the evidence was sufficient to find that Appellant intentionally, knowingly, or recklessly caused bodily injury to Cox, a person with whom he had or had had a dating relationship, as defined by the Texas Family Code.[3] Accordingly, Appellant's first issue is overruled.

### SELF-DEFENSE

"[A] person is justified in using force against another when and to the degree [he] reasonably believes the force is immediately necessary to protect [himself] against the other's use or attempted use of unlawful force." Tex. Penal Code Ann. § 9.31(a) (West 2011). The issue of self-defense is an issue of fact to be determined by the jury. *Saxton v. State,* 804 S.W.2d 910, 913-14 (Tex.Crim.App. 1991).

Relying upon language found in *Tidmore v. State,* 976 S.W.2d 724, 729 (Tex.App.--Tyler 1998, pet. ref'd), Appellant contends the evidence presented in this case was "legally insufficient to prove beyond a reasonable doubt that [he] did not act in self-defense." While the State does have the burden of persuasion to disprove evidence of self-defense, it does not have the burden of production. *Saxton,* 804

---

[3]Tex. Fam. Code Ann. §§ 71.002(b), 71.003, or 71.005 (West 2008).

S.W.2d at 913. In other words, the State does not have the duty to affirmatively produce evidence refuting a claim of self-defense (the burden of production); it merely has the burden of proving its case of assault beyond a reasonable doubt (the burden of persuasion). *Id.*

In convicting Appellant of assault, the jury clearly believed Appellant assaulted Cox, and it just as clearly believed Appellant's actions, whatever they may have been, were not "immediately necessary to protect [him] against [her] use or attempted use of unlawful force." Whether the jury believed Appellant's use of force was excessive or unnecessary is of no import to us because we must defer to the jury's determination if otherwise supported by the evidence. *See Jackson*, 443 U.S. at 326. Based upon our own review of the record, we find the jury was rationally justified in rejecting Appellant's claim of self-defense and in its finding of guilt beyond a reasonable doubt. *See Bufkin v. State,* 179 S.W.3d 166, 169-70 (Tex.App.—Houston [14th Dist.] 2005), *aff'd*, 207 S.W.3d 779 (Tex.Crim.App. 2006). Appellant's second issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.